## HUDDLESTON *v.* THE STATE.

1. CRIMINAL LAW. *Bill of exceptions. Written charge of the court.* A written charge of the court, signed by the Circuit Judge who tried the case, copied into the transcript, is no part of the record unless made so by bill of exceptions or in some other lawful mode.

2. The act of 1873 requiring the judge to deliver his charge in writing and furnish it to the jury on retiring, does not of itself make the charge a part of the record.

3. A bill of exceptions is a written statement of objections to the decisions of the court upon points of law made by a party to the cause, properly certified by the judge or court making the decision.

### FROM CLAY.

Appeal from the Circuit Court. SAM'L M. FITE, Judge.

ROBERT A. COX for complainant.

ATTORNEY GENERAL HEISKELL for the State.

SNEED, J., delivered the opinion of the court.

The indictment was for malicious stabbing, and, upon a trial, the defendant was convicted of an assault and battery, and adjudged to imprisonment for thirty days in the county jail and to pay a fine of fifty dollars. The defendant appealed, but has brought up no bill of exceptions. A paper is copied into the transcript, purporting to be the charge of the Circuit Judge who tried the cause, with his name subscribed thereto; but this is not made a part of the record by bill of exceptions, or in any other lawful mode. Certain exceptions are taken to the charge, and the counsel avers that the paper writing referred to *is* the charge as it was delivered to the jury. This is doubtless so, but we are not allowed to consider anything not formally made a part of the record by bill of exceptions or otherwise.

It is argued, ingeniously and plausibly, that the act of 1873, ch. —, which requires the Judge to deliver his charge in writing and furnish it to the jury on their retirement, of itself makes the charge a part of the record. We do not think so. A bill of exceptions is a written statement of objections to the decisions of the court upon points of law, made by a party to the cause, and properly certified by the judge or court making the decision. Its object is to put the decision upon record for the information of the court having cognizance of the cause in error. In our judicial parlance, matters of exception must be made a part of the record by bill of exceptions. A record is a written memorial made by a public officer authorized by law to perform that function, and in-

tended to serve as evidence of something written, said or done. 6 Call., Va., 78; 1 Dan., Ky., 595. The record of a court is made up under the solemn sanction of the court, and to make the charge a part thereof, it must be solemnly ordered by the court itself. A deposition in a criminal case which goes to the jury as a part of the evidence, is no part of the record of that cause until made so by bill of exceptions under judicial order, and a written charge, under the statute, which is but a witness unto the jury as to what the law is, stands upon no higher ground.

Let the judgment be affirmed.